Weygandt, C. J.
 

 The case was tried upon an agreed statement of facts from which it appears that approximately two weeks after his injury Walter Ballard filed with the Industrial Commission a first notice of the injury together with an application for compensation; that upon receipt of the notice and application by the commission the claim was given a file number in conformity with the usual procedure; that two months later when Walter Ballard died a first notice of his death was likewise filed with the commission; that the widow as the sole dependent then entered into the agreement for the payment of compensation; that the agreement was on the form prescribed by the commission and contained a provision to the effect that “the foregoing agreement is herewith submitted for approval and confirmation by the Industrial Commission of Ohio”; that the agreement was so submitted; that on April 15, 1931, the commission notified the defendant that the agreement was approved; that the defendant and its predecessor made the weekly payments regularly thereunder until the death of the widow at which time it filed a final report with the commission; and also that the employer paid $210 for medical services, $402 for hospital services, $140 for nursing services, and $150 for
 
 *106
 
 funeral services. Possibly it should be emphasized that the plaintiff makes no claim of dependency. It is agreed that the widow was the sole dependent' of her husband, and the plaintiff is seeking to recover solely in the capacity of administrator of the widow’s estate.
 

 It is the contention of the plaintiff that the settlement was effected by means of a
 
 private
 
 contract which inures to the benefit of the widow’s estate. The defendant insists that the entire transaction is qne authorized and controlled by the Workmen’s Compensation Act, as indicated by the following syllabus in the case of
 
 State, ex rel. Crawford, Exr.,
 
 v.
 
 Industrial Commission,
 
 110 Ohio St., 271, 143 N. E., 574:
 

 “By virtue of the provisions of Section 35 of Article II of the Ohio Constitution, limiting the benefits of workmen’s compensation insurance to workmen and their dependents, and by virtue of the provisions of Section 1465-72, General Code, limiting payments to injured employees and dependents of killed employees, and by virtue of Section 1465-88, General Code, providing that compensation before payment shall be exempt from claims of creditors and be payable only to employees or' their dependents, and by virtue of Section 1465-86, General Code, conferring continuing jurisdiction upon the Industrial Commission and power to make modification or change of its findings and orders, an award of compensation from the State Insurance Fund, under Section 1465-82, General Code, to a wife living with her husband at the time of his death, is revocable, so that in the event of the death of such dependent, before all the installment payments of such award have been made, her personal representative is not entitled to receive the unpaid installments.”
 

 In response to this the plaintiff urges that in the
 
 Crawford case, supra,
 
 the employer was not a self-insurer and there was an award by the commission, but that in the instant case the employer was a self-
 
 *107
 
 insurer and there was no award by the commission. These observations are correct, but do they furnish a basis for distinction? While it is accurate to say that the commission made no award in the instant case, it is equally proper to add that the entire transaction was effected under the authority of the Workmen’s Compensation Act and under the supervision of the Industrial Commission. If the settlement involved merely a private contract why was the entire matter submitted to the commission? Thus it is apparent that the rule announced in the
 
 Crawford case, supra,
 
 must be accepted as controlling here.
 

 In the cases of
 
 State, ex rel. Hoper, Admr.,
 
 v.
 
 Industrial Commission,
 
 128 Ohio St., 105, 190 N. E., 222, and
 
 Whitmore, Admr.,
 
 v.
 
 Industrial Commission,
 
 105 Ohio St., 295, 136 N. E., 910, this court held that the administrators of deceased dependents could recover the unpaid compensation to which the dependents were entitled
 
 while Uving.
 
 Compensation accruing
 
 after
 
 the death of the dependents was not involved.
 

 The plaintiff relies strongly upon the decision of the United States Circuit Court of Appeals in the case of
 
 In re Consolidated Iron & Steel Mfg. Co.,
 
 76 F. (2d), 837. However, the parties to that contract of settlement were a self-insurer and a
 
 living employee,
 
 and the court held merely that the
 
 employee
 
 should be permitted to prove his claim against his subsequently bankrupt employer.
 

 The judgment of the Court of Appeals must be affirmed.
 

 Judgment affirmed.
 

 Matthias, Day, Zimmerman, Williams, Myers and Gorman, JJ., concur.