At the threshold of this discussion it should be noted, first, that the facts are not in dispute, and, second, that this controversy does not involve a claim of a dependent of an employee who died from an injury arising out of and in the course of his employment, inasmuch as the death of the husband of the relatrix was in no way related to the injury to his eye.
But one question is here presented. When an injured workman then receiving compensation dies from a cause not related to the injury, may his dependent be awarded that part of the workman's compensation award not accrued and not due at the time of the workman's death?
Counsel agree that the answer is found in the provisions of Section 1465-83, General Code, which read in part as follows:
"In all cases of death from causes other than the injury for which award had theretofore been made on account of temporary, or permanent partial or total disability, in which there remains an unpaid balance, *Page 481 
representing payments accrued and due decedent at the time of his death, the commission may at its discretion, after satisfactory proof has been made warranting such action, award or pay any unpaid balance of such award to such of the dependents of the decedent, or for services rendered on account of the last illness or death of such decedent, as the commission shall determine in accordance with the circumstances in each such case."
A study of these provisions readily discloses two difficulties either of which precludes the allowance of the writ sought by the relatrix under the facts of this case.
In the above quoted statute appears the provision that when the death is not caused by the injury "the commission may at its discretion * * * award or pay." (Italics supplied.)
But of even greater importance is the decisive limitation that the thing with reference to which the commission may exercise its discretion is any unpaid balance "representingpayments accrued and due decedent at the time of his death * * *." (Italics supplied.) It is not contended by the relator that on the date of her husband's death there was any payment accrued and due to him except for the last eight days for which an award now has been made to her.
Consistent with the foregoing clear language this court in the second paragraph of the syllabus in the case ofState, ex rel. Spiker, Admx., v. Industrial Commission,141 Ohio St. 174, 47 N.E.2d 217, held as follows:
"Under Section 1465-83, General Code, the Industrial Commission may, at its discretion, pay the dependents of an injured workman who died from any cause other than the compensable injury the unpaid balance of an award accruingduring the lifetime of the workman, or if the injured workman would have been entitled to an award in his lifetime the commission *Page 482 
may at its discretion award and pay to such dependents what the injured workman would have been entitled to receive out of the state insurance fund during his lifetime." (Italics supplied.)
Likewise, in the opinion in the case of State, ex rel.Gaddis, v. Industrial Commission, 133 Ohio St. 553,15 N.E.2d 146, it was stated that the "award in the instant case having been made during the lifetime of the employee, his dependents become entitled to the unpaid balance due thereon asof the time of his decease." (Italics supplied.)
Furthermore, in the syllabus in the case of Ballard, Admr., v. Ohio Edison Co., 134 Ohio St. 104, 16 N.E.2d 203, this court held that when "the dependent of a deceased employee enters into a contract of settlement under the supervision and approval of the Industrial Commission of Ohio, the administrator of the dependent is not entitled to recover from a self-insuring employer any installment of compensation that is unaccrued at the time of the dependent's death." (Italics supplied.)
In view of the plain language of the statute and the decisions of this court, the relatrix clearly cannot recover, and a writ of mandamus must be denied.
Writ denied.
MATTHIAS, HART, ZIMMERMAN, BELL and TURNER, JJ., *Page 483