FINNERTY [EXRX.], APPELLANT, *v.* YELLOW FREIGHT SYSTEMS, INC., APPELLEE.

(No. 1744 — Decided April 25, 1988.)

*David M. Benjamin,* for appellant. *Reminger & Reminger Co., L.P.A.,* and *Marc W. Groedel,* for appellee.

CHRISTLEY, J. Plaintiff-appellant, Toni Finnerty, is the surviving spouse of John Finnerty and the executrix of his estate. While the deceased was employed by the appellee, Yellow Freight Systems, Inc., he sustained an injury to his lower back. Mr. Finnerty received temporary total compensation benefits as a result of the injury until the time of his death.

Appellee, a self-insuring employer, and Mr. Finnerty had reached a settlement agreement providing for a release of all his claims for a lump sum payment of $50,000. On March 7, 1985, a joint application for "Approval of Final Settlement and Dismissal of Claim and Waiver of Hearing" was filed with the Industrial Commission of Ohio, pursuant to R.C. 4123.65. Mr. Finnerty died of non-work-related causes *before* the application was ruled upon by the Industrial Commission. Thereafter, on May 22, 1985, the com-

mission dismissed the application, ruling that the claim had abated by reason of Mr. Finnerty's death.

Appellant, on October 21, 1985, brought an action in the Court of Common Pleas of Portage County for breach of the settlement agreement, praying for $50,000 plus costs. On April 3, 1986, appellee filed a motion for summary judgment. The trial court *dismissed* the complaint in its journal entry filed July 30, 1986, and made the following ruling:

"* * * The Commission was competent to and did make a ruling on the settlement agreement.

"The decision of the staff hearing officer dismissing the claim is a final appealable order for purposes of appeal to the Common Pleas Court. * * * The claimant's injury was compensable exclusively under the workers' compensation act and under the facts of this case the only remedy available to Plaintiff is an appeal pursuant to RC Sec. 4123.519.

"However, the decision of the Industrial Commission is not the basis for Plaintiff's lawsuit. The complaint sounds in contract, and is, in effect, a collateral attack on the decision of the Industrial Commission. This action cannot be maintained in the face of the mandatory provisions of RC Section 4123.519, which were not complied with here.

"Plaintiff's Complaint must be, and hereby is, * * * dismissed with prejudice and at cost to Plaintiff."

From this decision, appellant filed her notice of appeal, making the following assignment of error:

"The trial court erred in granting the summary judgment motion submitted by the defendant-appellee, and thereby finding that no enforceable settlement agreement existed between defendant-appellee and plaintiff-appellant's deceased spouse."

Appellant's sole assignment of error is not well-taken.

Both sides filed the settlement agreement with the Industrial Commission for final approval as required under R.C. 4123.65, the commission being granted this statutory authority under R.C. 4121.131. However, upon being informed of the claimant's death, the commission ruled that the claim for benefits abated with his death, thereby dismissing the application for approval of the settlement agreement. *Ballard* v. *Ohio Edison Co.* (1938), 134 Ohio St. 104, 11 O.O. 541, 16 N.E. 2d 203, is distinguishable on its facts as benefits in that case had been accrued prior to the date of death of the claimant-dependent.

The decision of the Industrial Commission is well supported by law. Under the terms and conditions of the Workers' Compensation Act, "[c]ompensation is payable to the injured * * * [worker], [*only*] *if living,* or to his dependents where *death results from and in the course of his employment* or from injuries received during such time." (Emphasis added and footnotes omitted.) 58 Ohio Jurisprudence 2d (1963) 130-131, Workmen's Compensation, Section 29. In the present case, the claimant, Mr. Finnerty, did not die as a result of the injuries sustained during the course of his employment. Therefore, any right to payments abated with his death, as provided by Ohio Adm. Code 4123-5-21(A), which states:

"When a claimant dies, action on any application filed by the claimant, and pending before the * * * industrial commission at the time of his death, is abated by claimant's death."

The Industrial Commission could thus dismiss the application for the approval of the settlement agreement for this reason.

In addition, the settlement agreement was contingent upon the approval by the Industrial Commission. To find otherwise would render the act of filing the application for approval of

the settlement agreement with the Industrial Commission meaningless.

Further, pursuant to R.C. 4123.519, an appeal from the decision of the Industrial Commission may be brought to the court of common pleas *within sixty days* after the receipt of the decision. In such an action the Administrator of the Bureau of Workers' Compensation, the claimant, and the employer shall be made parties to the appeal. Instead of taking this action, however, appellant chose to file a separate suit against appellee under a theory of contract based upon appellee's alleged failure to abide by the settlement agreement.

The lower court, however, was incorrect in entering a judgment of dismissal on appellee's motion for summary judgment rather than entering a judgment on the merits in favor of appellee.

A motion for summary judgment by the appellee was the proper mode for attacking appellant's complaint, as factual matters outside the pleading had to be considered to render judgment. Appellee's motion contained three exhibits necessary for judgment in its favor. Appellant's brief in opposition contained none and did not contest appellee's attachments. None of appellee's exhibits was certified or identified by affidavit. However, the court in its discretion could consider such unauthenticated documentation. *Rodger* v. *McDonald's Restaurants of Ohio, Inc.* (1982), 8 Ohio App. 3d 256, 8 OBR 347, 456 N.E. 2d 1262, paragraph one of the syllabus.

We believe it was the intent of the trial court to grant appellee's motion for summary judgment and that the submissions of appellee were sufficient to require it to do so. We therefore modify its ruling as follows:

"This cause came on to be heard by the court on motion of defendant for summary judgment. The court con-sidered the pleadings and attached exhibits. Upon due consideration thereof, the court finds that reasonable minds can come but to one conclusion, and that conclusion is adverse to the party against whom the motion for summary judgment was made. That conclusion is that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. Therefore, the court orders that summary judgment be entered for defendant and that costs be assessed in its favor."

Therefore, for the reasons stated above, it cannot be determined that the trial court abused its discretion, and this court finds in favor of appellee. The decision of the lower court is modified and affirmed as modified.

*Judgment modified*
*and affirmed as modified.*

FORD, P.J., and COOK, J., concur.