**HALLEY, Exr., Appellant,**

v.

**OHIO BUREAU OF WORKERS' COMPENSATION, Appellee.**

[Cite as *Halley v. Ohio Bur. of Workers' Comp.* (1995), 102 Ohio App.3d 391.]

Court of Appeals of Ohio,
Tenth District, Franklin County.

No. 94API08–1225.

Decided April 6, 1995.

*Ward, Kaps, Bainbridge, Maurer & Melvin* and *William J. Melvin,* for appellant.

*Betty D. Montgomery,* Attorney General, and *Peter E. DeMarco,* Assistant Attorney General, for appellee.

LAZARUS, Judge.

Plaintiff-appellant, Bessie M. Halley, executor of the estate of Robert M. Halley, filed suit against defendant-appellee, the Bureau of Workers' Compensation (the "bureau"), in order to enforce a settlement agreement between appellee and her deceased husband, Robert M. Halley (the "claimant"). The Court of Claims granted appellee's motion for judgment on the pleadings, and appellant filed this appeal, raising the following assignment of error:

"The trial court erred as a matter of law in entering judgment on the pleadings in favor of the Administrator of the Bureau of Workers' Compensation because it failed to construe all material allegations in the complaint, with all reasonable inferences to be drawn, therefrom, in favor of the party against whom the motion was brought."

The claimant was allegedly injured in the course of and arising out of his employment with an employer covered by the state insurance fund. The claimant's workers' compensation claim was denied at each administrative level within the commission, and he ultimately appealed that denial to the Court of Common Pleas of Jackson County, Ohio, pursuant to R.C. 4123.519.

Appellee, the Industrial Commission (the "commission"), the claimant, and the claimant's employer agreed to settle the case for $15,000. Counsel for appellee and the commission prepared a written settlement agreement, which was executed on October 6, 1990, by the claimant and an attorney for each of the parties to the agreement. The Chief of the Workers' Compensation Section of the Attorney General's Office signed the agreement as "Counsel for the Administrator [of the bureau] and the Industrial Commission of Ohio with approval of: *Barbara McNeil.*" The name Barbara McNeil appears to have been typed into a blank in the form. At oral argument, appellee stated that Barbara McNeil is a hearing officer for the commission.

On November 2, 1990, the claimant dismissed his action in the Jackson County Court of Common Pleas with prejudice, as required by the settlement agreement. The claimant died on February 19, 1991, without receiving the $15,000.

On March 29, 1991, the executive secretary of the commission issued an order stating that the settlement agreement between the parties was abated by the death of the claimant, pursuant to Ohio Adm.Code 4123-5-21. Appellant challenged the order, and the commission vacated the order and set the matter for hearing. On September 7, 1993, the commission issued an order that disapproved the settlement agreement because the claim abated, pursuant to Ohio Adm.Code 4123-5-21, when the claimant died.

On April 25, 1994, appellant filed a complaint in the Court of Claims that sought declaratory judgment as to rights and responsibilities of appellant and appellee, as well as judgment in the amount of $15,000. Appellee moved for judgment on the pleadings on the basis that the settlement agreement was not binding because Halley had not complied with the procedure set forth in R.C. 4123.65. The Court of Claims granted appellee's motion for judgment on the pleadings because the settlement agreement had not been approved by the commission as required by R.C. 4123.65 and, therefore, the claimant's claim abated when he died. This appeal followed.

Judgment on the pleadings is appropriate only if no material factual issues exist and appellee is entitled to judgment as a matter of law. *Burnside v. Leimbach* (1991), 71 Ohio App.3d 399, 594 N.E.2d 60. Appellant is entitled to have all allegations in the complaint construed as true and is entitled to the benefit of all reasonable inferences that arise from the allegations in the

complaint. *Peterson v. Teodosio* (1973), 34 Ohio St.2d 161, 63 O.O.2d 262, 297 N.E.2d 113. Accordingly, we review this matter in order to determine whether, as a matter of law, the claimant's claim abated when he died or whether the allegations in the complaint create a material issue of fact as to whether the commission approved the settlement of the claimant's claim before he died.

Ohio Adm.Code 4123–5–21 states that:

"(A) When a claimant dies, action on any application filed by the claimant, and pending before the bureau or the industrial commission at the time of his death, is abated by claimant's death."

■ Pursuant to this section of the Ohio Administrative Code, the claimant's claim abated with his death if the claim was pending before the bureau or the commission when he died on February 19, 1991. According to appellant, the action did not abate because the claim was no longer pending after the parties entered into a final settlement agreement. According to appellee, the action was pending because the claimant had not yet applied for approval of the settlement agreement as required by R.C. 4123.65. R.C. 4123.65 has since been amended, but provided as follows during the relevant period[1]:

"Before any final settlement agreement is approved by the industrial commission, application therefore shall be made to the commission. Such application shall be signed by the claimant and shall clearly set forth the circumstances by reason of which the proposed settlement is deemed desirable and the nature of the controversy. Notice of the hearing of such application shall be given to the employee and his representative and the employer and his representative. Such application shall be heard by the members of the industrial commission or a majority thereof sitting en banc. No member may delegate his authority to hear and determine the matters raised by such application."

R.C. 4123.65 is not the only section of the Ohio Revised Code, however, that is relevant to the question of whether the settlement agreement was approved by the commission. Former R.C. 4121.35 provided that[2]:

---

1. R.C. 4123.65(A) now provides that final settlement agreements are to be sent immediately to the commission and that "[a] state fund employer or the employee of such an employer may file an application with the administrator of workers' compensation for approval of a final settlement of a claim * * *." R.C. 4123.65(D) provides that final settlement agreements are to be sent immediately to the commission and that a settlement agreement becomes final if the commission, through its staff hearing officer, fails to act within thirty days.

2. The current version of R.C. 4121.35(B) provides that staff hearing officers have original jurisdiction to review settlement agreements pursuant to R.C. 4123.65.

"(A) The industrial commission may appoint staff hearing officers to consider and decide on behalf of the commission all matters over which the commission has jurisdiction.

" * * *

"(B) Staff hearing officers of the commission may hear and decide the following matters:

" * * *

"(3) Final settlements pursuant to section 4123.65 * * *."

Although former R.C. 4123.65 stated that no member of the commission may delegate his or her authority to approve settlement applications, former R.C. 4121.35 provided that the commission may delegate its authority to approve final settlements to its hearing officers. If two statutes are inconsistent, we ordinarily presume that the more recently enacted statute reflects the intent of the legislature. *Wooster Republican Printing Co. v. Wooster* (1978), 56 Ohio St.2d 126, 10 O.O.3d 312, 383 N.E.2d 124. Because the relevant portions of R.C. 4121.35 were enacted in 1976, and the relevant version of R.C. 4123.65 was enacted in 1953, R.C. 4121.35 controls despite the requirement in R.C. 4123.65 that a majority of the members of the commission hear and determine settlement applications. R.C. 4121.35 clearly provides the commission with authority to delegate the approval of settlement agreements to its hearing officers.

In paragraph six of her complaint, appellant alleged that:

" * * * [P]rior to the trial of the aforementioned case, the Industrial Commission of Ohio authorized its Counsel to settle Case No. 87WC–15 with Robert M. Halley for the sum of $15,000, and that, pursuant to that authorization, Counsel for the Industrial Commission of Ohio prepared a written settlement agreement which was executed by the parties or their Counsel on October 6, 1990. * * * "

Because the trial court granted appellee's motion for judgment on the pleadings, appellant has not yet had the opportunity to put on evidence regarding the scope of Barbara McNeil's authority, as set forth by the commission's internal policies or established by standard practice within the commission. Therefore, based on the allegations in the complaint, the fact that an assistant attorney general signed the settlement agreement on behalf of appellee and the commission, and the fact that the settlement agreement was approved by Barbara McNeil, who is apparently a hearing officer for the commission, appellant is entitled to the inference that this settlement agreement was authorized by a hearing officer acting within the scope of the authority granted to her by the commission.

Appellee asserts that, even if the commission delegated its authority to decide this matter to a hearing officer, the settlement agreement cannot be final because appellant did not comply with the application and hearing process described in former R.C. 4123.65. Appellee asserts that *Finnerty v. Yellow Freight Systems, Inc.* (1988), 47 Ohio App.3d 186, 548 N.E.2d 949, is directly on point on this issue and urges us to follow the reasoning set forth in that opinion.

In *Finnerty,* the claimant and the self-insured employer had entered into a settlement agreement. They then filed a joint application for the approval of that agreement with the commission, and the claimant died before the commission ruled upon his application. Thus, the claimant and the employer had reached agreement but had never obtained the approval of the commission. Under these circumstances, the Portage County Court of Appeals held that the claim abated with the claimant's death.

Former R.C. 4123.65 provided that a claimant must file an application with the commission *"before* any final settlement agreement is approved by the industrial commission." (Emphasis added.) This statute is clearly describing a mechanism for obtaining approval by the commission, not an additional step that must be taken after approval has already been given. Appellant alleges that the commission has already approved this settlement agreement, and that allegation is supported by the agreement itself. It is on this basis that we distinguish this case from *Finnerty.*

Furthermore, appellant is entitled to the inference that the settlement agreement substantially complied with the requirements of R.C. 4121.35 and 4123.65. According to former R.C. 4123.65, the application must be signed by the claimant and "set forth the circumstances by reason of which the proposed settlement is deemed desirable and the nature of the controversy." We see no reason why the settlement agreement itself cannot serve as the application required by the statute. The settlement agreement appended to the complaint is signed by the claimant and identifies the claim that is being settled. Because of the procedural posture of this case, we are completely unable to determine the circumstances surrounding the approval of this settlement agreement, including the nature of the information communicated to the hearing officer prior to her approval. Accordingly, appellant is entitled to the inference that the settlement agreement, the documentation in claimant's file, and/or any information communicated between the assistant attorney general and the hearing officer substantially fulfilled the requirements of R.C. 4123.65.

Former R.C. 4123.65 also provided for a pre-approval hearing and prescribes that the employee and the employer and their representatives must be given notice of that hearing. However, there is no reason why all of the concerned parties cannot agree to waive a hearing, and the existence of a settlement

agreement executed by the parties indicates their willingness to forgo such a hearing. Neither the employee or the employer could object to an agreement that they voluntarily entered into, except on extremely limited grounds such as fraud or duress. We fail to see why appellee or the commission should be allowed to unilaterally insist on a hearing after one of the commission's agents, allegedly acting within the scope of her statutory authority, has approved an agreement that is signed by all of the other interested parties. To so hold is to elevate substance over form. All of the parties to this agreement apparently believed that the agreement was final, as evidenced by the fact that the claimant dismissed his lawsuit with prejudice as required by the agreement.

Based on the reasoning set forth above, we find that appellant is entitled to the inference that the settlement agreement was approved by a hearing officer acting within the scope of her authority as granted by statute and that the hearing officer acted in accordance with the governing statutes. If the agreement was approved by all parties and therefore final, the claim was no longer pending before the commission and did not abate with the claimant's death. See *Milnes v. Trimble* (Jan. 10, 1994), Stark App. No. CA 9387, unreported, 1994 WL 22891 (an approved settlement agreement is a final resolution in favor of the claimant). Therefore, appellant's complaint states a claim upon which relief can be granted, and the trial court erred when it entered judgment on the pleadings in favor of appellee.

Accordingly, appellant's assignment of error is sustained, the judgment of the Ohio Court of Claims is reversed, and this cause is remanded to that court for further proceedings consistent with this opinion. Costs are assessed against appellee.

*Judgment reversed
and cause remanded.*

TYACK, J., concurs.

DESHLER, J., dissents.

DESHLER, Judge, dissenting.

Being unable to concur in the conclusion reached by the majority, I respectfully dissent.

The factual background in this case is simply that claimant settled a disallowed claim pending in court and died before the settlement was finally approved by the commission. The commission and then the trial court ruled the settlement proceeds were not payable due to abatement, the settlement not having been approved before the claimant's death.

The majority either ignores the mandates of R.C. 4123.65 and Ohio Adm.Code 4123–5–21, or finds a way by inferences to avoid the consequences of the abatement mandated by long-standing rules of procedure.

The majority's major premise with respect to the claimant's entitlement to settlement proceeds centers on the conclusion that claimant "is entitled to the inference that the settlement agreement was authorized by a hearing officer acting within the scope of the authority granted to her by the commission." The majority then concludes a form of finality was achieved with respect to the settlement created by this circumstance and, therefore, the commission was obligated to pay the settlement proceeds notwithstanding the effects of the statute. From this reasoning also comes the majority's ultimate conclusion that the settlement agreement, as entered at court, itself served as an instrument fulfilling the requirements of R.C. 4123.65.

While R.C. 4123.65 governs the ultimate finalizing of settlement of a claim, the majority refers to R.C. 4121.35 in the following particulars to clothe the commission's attorney and the staff hearing officer with final authority to approve settlements:

"(B) Staff hearing officers of the commission may hear and decide the following matters:

" * * *

"(3) Final settlements pursuant to section 4123.65 * * *."

In my view, this analysis by the majority does not give proper recognition to the mandates of R.C. 4123.65 and reads into existence authority not granted in R.C. 4123.35. This statute grants authority to settle a claim, it does not eliminate the process required in R.C. 4123.65. Former R.C. 4123.65, governing this case, stated in pertinent part:

"Before any final settlement agreement is approved by the industrial commission, application therefore shall be made to the commission. Such application shall be signed by the claimant and shall clearly set forth the circumstances by reason of which the proposed settlement is deemed desirable and the nature of the controversy. Notice of the hearing of such application shall be given to the employee and his representative and the employer and his representative. Such application shall be heard by the members of the industrial commission or a majority thereof sitting en banc. No member may delegate his authority to hear and determine the matters raised by such application."

And Ohio Adm.Code 4123–5–21 states that:

"(A) When a claimant dies, action on any application filed by the claimant, and pending before the bureau or the industrial commission at the time of his death, is abated by claimant's death."

It is interesting to note that R.C. 4123.65 has been amended as alluded to in the majority opinion. However, the new law, which is not controlling here, would not have benefitted the claimant, as no application for approval of settlement was filed by the claimant in this case.

The signing of the settlement agreement by an attorney or staff hearing officer of the commission does not equate to a hearing by members of the commission as required by R.C. 4123.65. I do not argue with the fact that the settlement here was agreed to by an authorized representative of the commission. Except for the statutory scheme in place, requiring specific procedures to be carried out to finalize and approve settlement, this would be a simple case of breach of settlement agreement and a different result would obtain.

The court's reasoning in *Finnerty v. Yellow Freight Systems, Inc.* (1988), 47 Ohio App.3d 186, 548 N.E.2d 949, supports a different result than reached by the majority here:

"In addition, the settlement agreement was contingent upon the approval by the Industrial Commission. To find otherwise would render the act of filing the application for approval of the settlement agreement with the Industrial Commission meaningless." *Id.* at 187, 548 N.E.2d at 951.

The clear mandates of the statutes and Ohio Administrative Code section compel a literal application of law to the facts. While the result may seem harsh, the statutes must be given their meaning without attempting to amend the very process the statute controls and without circumvention of the obvious intent of the statutory law.

As stated in *Ratliff v. Flowers* (1970), 25 Ohio App.2d 113, 54 O.O.2d 213, 266 N.E.2d 848, quoting *Indus. Comm. v. Kamrath* (1928), 118 Ohio St. 1, 160 N.E. 470:

"' * * * In determining rights arising by force and out of the Workmen's Compensation Law it is well to remember that the duties of the Industrial Commission and its obligation to injured employees and dependents of killed employees are only such duties and obligations as are imposed by statute; that the rights of injured employees and the dependents of killed employees to recover from or participate in the state insurance fund are neither constitutional rights, inherent rights, nor common-law rights, but are wholly statutory; * * * that if the right to participate in such fund be not found in the Workmen's Compensation Law itself, the right does not exist; and that where it does exist

the right is a legal right and does not differ from other legal rights.' " *Id.* at 115, 54 O.O.2d at 214, 266 N.E.2d at 849–850.

While the majority has admirably labored to achieve a just result, we should not ignore the clear language and intended effect of the statutory and administrative law controlling the settlement procedures here involved before the commission. For the foregoing reasons, I would affirm the decision of the Ohio Court of Claims.