**The STATE ex rel. CARMICKLE, Admr.**

**v.**

**INDUSTRIAL COMMISSION OF OHIO et al.**

[Cite as *State ex rel. Carmickle v. Indus. Comm.*, 154 Ohio App.3d 74, 2003-Ohio-4574.]

Court of Appeals of Ohio,
Tenth District, Franklin County.

No. 02AP–1427.

Decided Aug. 28, 2003.

Ward, Kaps, Bainbridge, Maurer & Melvin and Thomas H. Bainbridge, for relators.

Jim Petro, Attorney General, and Jacob Dobres, Assistant Attorney General, for respondent Industrial Commission of Ohio.

BOWMAN, Judge.

{¶ 1} Relator, Judith Carmickle, administrator of the estate of Jerry Carmickle ("claimant"), has filed an original action in mandamus requesting that this court issue a writ of mandamus to order respondent, Industrial Commission of Ohio, to vacate its order that found that Jerry Carmickle's claim was abated on his death and that relator was not entitled to have a settlement agreement enforced.

{¶ 2} This court referred the matter to a magistrate, pursuant to Civ.R. 53(C) and Loc.R. 12(M) of the Tenth District Court of Appeals, who rendered a decision including findings of fact and conclusions of law. (Attached as Appendix A.) The magistrate decided that the requested writ of mandamus should be denied.

{¶ 3} In February 2000, claimant filed an application for approval to settle a claim for $95,000. On March 2, 2000, someone with the Bureau of Workers' Compensation orally advised claimant's attorney that it would approve settlement of the claim for $80,000, and, on March 6, 2000, claimant faxed his agreement to settle for that amount. The fax shows the signature of both claimant and his attorney. Claimant died on March 13, 2000, apparently of causes unrelated to the claim. On March 22, 2000, the Bureau of Workers' Compensation issued a letter approving settlement in the amount of $80,000. On April 1, 2000, the Bureau of Workers' Compensation notified relator's attorney that the settlement application was denied, as no settlement had been reached, and it was withdrawing its consent, pursuant to R.C. 4123.65(C), as the claim abated with claimant's death. Relator filed a motion to enforce the settlement agreement, and a staff hearing officer found that the claim abated with the claimant's death. The staff

hearing officer reasoned that the settlement approval was effective March 22, 2000, the date of the Bureau of Workers' Compensation's written order, "as the BWC, like the Industrial Commission, speaks only through its written orders and decisions. Furthermore, the BWC did not have jurisdiction to issue the 3/22/00 order as the claim had previously abated due to the claimant's death on 3/13/00."

{¶ 4} At the outset, we note that, although none of the parties has filed objections to the magistrate's findings of fact, it appears that the correct date in Finding of Fact No. 3 should be March 2, 2000, not March 17, 2000. With this correction, the court adopts the magistrate's findings of fact.

{¶ 5} In her objections, relator contends that the magistrate failed to address Industrial Commission Policy No. 7, which exempts settlements that have been approved by the Administrator of the Bureau of Workers' Compensation from the abatement provisions of R.C. 4123.65. Relator argues that R.C. 4123.65 does not preclude oral settlements.

{¶ 6} R.C. 4123.65 provides:

"(A) A state fund employer or the employee of such an employer may file an application with the administrator of workers' compensation for approval of a final settlement of a claim under this chapter. The application shall include the settlement agreement, be signed by the claimant and employer, and clearly set forth the circumstances by reason of which the proposed settlement is deemed desirable and that the parties agree to the terms of the settlement agreement * * *.

"* * *

"(C) No settlement agreed to under division (A) of this section or agreed to by a self-insuring employer and the self-insuring employer's employee shall take effect until thirty days after the administrator approves the settlement for state fund employees * * *. During the thirty-day period, the employer, employee, or administrator, for state fund settlements, * * * may withdraw consent to the settlement * * *."

{¶ 7} Ohio Adm.Code 4123–5–21 provides:

"(A) When a claimant dies, action on any application filed by the claimant, and pending before the bureau or the industrial commission at the time of his death, is abated by claimant's death."

{¶ 8} Ohio Adm.Code 4123–3–34(F) and (G) provide:

"(F) * * * When a settlement agreement has been approved by the administrator, a notice of approval shall be sent to the claimant, the employer, and their representatives, informing them of their rights to withdraw consent to the settlement agreement within thirty days. * * *

"(G) The administrator shall also send the notice of approval to the industrial commission within five days from the date of the bureau order of approval. * * * "

{¶ 9} Industrial Commission Policy No. 7 provides, in part:

"Pursuant to Ohio Revised Code Section 4123.65 as effective October 20, 1993 settlements are not subject to the abatement provisions contained in Ohio Administrative Code Rule 4123-5-21 if the settlement has reached the stage of being approved by the Administrator in state fund claims or has been signed by both the employer and the injured worker in self-insured claims. If the settlement has reached this stage, it will be unaffected by the death of the injured worker during the pendency of the 30 day cooling off period unless there is evidence that, *prior to the death,* either the injured worker, the employer, or the administrator or Industrial Commission had initiated action to withdraw from or disapprove of the settlement. Absent evidence of withdrawal or disapproval, the settlement will become final upon the expiration of the 30 day cooling off period as provided in Ohio Revised Code Section 4123.65." (Emphasis sic.)

{¶ 10} The issue herein is whether the oral offer of an $80,000 settlement and claimant's acceptance of that offer constituted approval of the settlement by the Administrator of the Bureau of Workers' Compensation so that Policy No. 7 would override the abatement provisions of R.C. 4123.65 and Ohio Adm.Code 4123-5-21(A).

{¶ 11} While the result may appear unduly harsh, we agree with the magistrate that an oral offer from an unidentified employee at the Bureau of Workers' Compensation to settle a claim does not constitute approval by the administrator. Clearly, Ohio Adm.Code 4123-3-34(F) and (G), requiring that notice of approval be sent to the claimant, employer, their representatives, and the Industrial Commission, contemplate written, not oral, approval by the administrator.

{¶ 12} Thus, this case differs from *Halley v. Ohio Bur. of Workers' Comp.* (1995), 102 Ohio App.3d 391, 657 N.E.2d 340, wherein this court found that, under the former version of R.C. 4123.65, the signature of the chief of the workers' compensation section of the Attorney General's Office, as counsel for the administrator, and that of a commission hearing officer constituted approval of a settlement. Because the settlement had not been approved in writing by the administrator, there was no approved settlement and claimant's claim abated with his death.

{¶ 13} Therefore, upon a review of the magistrate's decision and an independent review of the record, this court adopts the magistrate's decision as its own with the correction to Finding of Fact. No. 3; relator's objections to the

magistrate's decision are overruled, and the requested writ of mandamus is denied.

Objections overruled and
writ of mandamus denied.

Brown and Klatt, JJ., concur.

## APPENDIX A

## MAGISTRATE'S DECISION

Rendered on May 1, 2003

## IN MANDAMUS

{¶ 14} Relator, Judith Carmickle, as the administrator of the estate of Jerry Carmickle ("claimant"), who is deceased, has filed this original action requesting that this court issue a writ of mandamus ordering respondent Industrial Commission of Ohio ("commission") to vacate its order which determined that claimant's claim had abated upon his death and that relator is not entitled to have a settlement agreement enforced.

## Findings of Fact

{¶ 15} 1. Claimant sustained a work-related injury on January 18, 1978, and his claim has been allowed for: "syncope and collapse; postconcussion syndrome; sprain sacroiliac; concussion nos; open wound of head nec."

{¶ 16} 2. On February 27, 2000, claimant filed a C–240 Settlement Agreement and Application for Approval of Settlement Agreement with the Ohio Bureau of Workers' Compensation ("BWC"). Claimant sought to settle his workers' compensation claim for $95,000.

{¶ 17} 3. On March 17, 2000, the BWC verbally advised claimant that it would not agree to the settlement as proposed, but that the BWC would approve a settlement in the amount of $80,000.

{¶ 18} 4. Claimant, through his attorney, faxed a C–241 Amended Settlement Agreement and Release to the BWC on March 6, 2000, indicating claimant's willingness to settle his claim for $80,000.

{¶ 19} 5. Claimant died on March 13, 2000 prior to the BWC having approved his settlement application.

{¶ 20} 6. On March 22, 2000, the BWC sent claimant and his attorney a letter approving the settlement sought in the C–241 form in the amount of $80,000.

{¶ 21} 7. On April 1, 2000, the BWC advised relator and her attorney in writing that the settlement application previously submitted had been denied on the basis

that all parties did not agree with the settlement terms, and that, pursuant to R.C. 4123.65, the BWC withdrew its consent from the March 22, 2000 settlement approval on the grounds that claimant's settlement application abated with his death March 13, 2000.

{¶ 22} 8. On April 27, 2000, relator filed a motion with the BWC requesting that the purported settlement agreement be honored and paid.

{¶ 23} 9. Relator's motion was heard before a staff hearing officer ("SHO") on June 5, 2000, and resulted in an order denying relator's motion as follows:

{¶ 24} "The claimant's request to order enforcement of the settlement agreement in the amount of $80,000.00 is denied, as it is found that the claim abated by the claimant's death on 3/13/00, prior to the issuance of the BWC order of 3/22/00 approving the settlement application.

{¶ 25} "The claimant had filed an initial application to settle the claim (C–240) on 2/17/00, in the amount of $95,000.00. The BWC tentatively agreed to settle the claim on 3/2/00 in the amount of $80,000.00, and verbally informed the claimant's representative of that at that time. Thereafter, the claimant's representative faxed a C–241 form to the BWC on 3/6/00, agreeing to the proposed settlement in the amount of $80,000.00. The BWC then issued an order approving this on 3/22/00, subsequent to the claimant's death on 3/13/00.

{¶ 26} "The claimant has argued that the settlement agreement took effect on 3/6/00, the date of the C–241 response to the BWC's $80,000.00 offer. The Staff Hearing Officer finds, however, that the agreement became valid and took effect on 3/22/00, the date of the BWC written order approving the settlement, as the BWC, like the Industrial Commission, speaks only through its written orders and decisions. Furthermore, the BWC did not have jurisdiction to issue the 3/22/00 order as the claim had previously abated due to the claimant's death on 3/13/00.

{¶ 27} "The Staff Hearing Officer relies on Hearing Officer Policy 0.7, and the case of *State ex rel Johnston v. Conrad, I.C., and TFE, Inc.,* March 5, 1999, No. 98 AP–1236 (10th Dist.Ct.Appeals) in making this decision."

{¶ 28} 10. Relator's request for reconsideration was denied by order of the commission mailed September 21, 2000.

{¶ 29} 11. Thereafter, relator filed the instant mandamus action in this court.

### Conclusions of Law

{¶ 30} R.C. 4123.65 pertains to the settlement of claims, as provides, in pertinent part, as follows:

{¶ 31} "(A) A state fund employer or the employee of such an employer may file an application with the administrator of workers' compensation for approval

of a final settlement of a claim under this chapter. The application shall include the settlement agreement, be signed by the claimant and employer, and clearly set forth the circumstances by reason of which the proposed settlement is deemed desirable and that the parties agree to the terms of the settlement agreement * * *.

{¶ 32} "* * *

{¶ 33} "(C) No settlement agreed to under division (A) of this section or agreed to by a self-insuring employer and the self-insuring employer's employee shall take effect until thirty days after the administrator approves the settlement for state fund employees * * *. During the thirty-day period, the employer, employee, or administrator, for state fund settlements, * * * may withdraw consent to the settlement * * *.

{¶ 34} "(D) At the time of agreement to any final settlement agreement under division (A) of this section * * * the administrator, for state fund settlements, * * * immediately shall send a copy of the agreement to the industrial commission who shall assign the matter to a staff hearing officer. The staff hearing officer shall determine, within the time limitations specified in division (C) of this section, whether the settlement agreement is or is not a gross miscarriage of justice. If the staff hearing officer determines within that time period that the settlement is clearly unfair, the staff hearing officer shall issue an order disapproving the settlement agreement. If the staff hearing officer determines that the settlement agreement is not clearly unfair or fails to act within those time limits, the settlement agreement is approved."

{¶ 35} Ohio Adm.Code 4123–5–21 pertains to the abatement of claims and provides, in pertinent part, as follows:

{¶ 36} "(A) When a claimant dies, action on any application filed by the claimant, and pending before the bureau or the industrial commission at the time of his death, is abated by claimant's death."

{¶ 37} In the present case, the commission found that claimant's application for approval of settlement agreement was pending at the time that he died on March 13, 2000. Because the date of his death preceded the March 22, 2000 letter from the BWC approving claimant's March 6, 2000 settlement offer, the commission determined that there was no approved settlement and that claimant's claim abated at the time of his death. As such, the commission denied relator's request to make payment on the settlement.

{¶ 38} In *Finnerty v. Yellow Freight Sys., Inc.* (1988), 47 Ohio App.3d 186, 548 N.E.2d 949, the claimant and his employer, a self-insuring employer, had reached a settlement agreement providing for a release of all his claims for a lump-sum payment of $50,000. The claimant and the employer filed a joint application for

"Approval of Final Settlement and Dismissal of Claim and Waiver of Hearing" with the commission pursuant to R.C. 4123.65. Claimant died from non work-related causes prior to the commission ruling on the application. As such, the commission dismissed the application because claimant's claim had abated by reason of his death. Finding that the settlement agreement was contingent upon approval by the commission, the appellate court upheld the commission's order dismissing the joint application because the claimant died before the settlement agreement was approved.

{¶ 39} In *Halley v. Ohio Bur. of Workers' Comp.* (1995), 102 Ohio App.3d 391, 657 N.E.2d 340, this court held that a claimant's claim did not abate upon his death when the claim had been approved by the commission prior to the claimant's death. This court reasoned that the signing of the settlement agreement by an attorney or a staff hearing officer of the commission met the requirements of R.C. 4123.65. As such, the majority concluded that the requirements of R.C. 4123.65 had been substantially fulfilled.

{¶ 40} The present case differs from both *Finnerty* and *Halley*. Relator contends that claimant already had the approval of the BWC when the BWC refused to settle the case for $95,000, but indicated a willingness to settle the case for $80,000. Relator wants to equate the verbal statement of a person at the BWC that the claim could be settled for $80,000 with meeting the requirements of R.C. 4123.65. However, no matter how harsh the result appears, the parties did not have an agreement at the time claimant died. As such, claimant's claim abated at the time of his death.

{¶ 41} Based on the foregoing, it is this magistrate's decision that relator has not demonstrated that the commission abused its discretion in determining that claimant's claim abated at the time of his death, and relator's request for a writ of mandamus should be denied.

/s/ Stephanie Bisca Brooks
STEPHANIE BISCA BROOKS
MAGISTRATE